# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VERNON DOWLINGS ) | Case No. CR413-171 |

## REPORT AND RECOMMENDATION

After Vernon Dowlings retained John R. Thigpen, Sr. to represent him, he pled guilty to drug charges and was sentenced to 128 months' imprisonment. Doc. 40 at 1-2. Prior to that, the Court informed Thigpen that he was to represent Dowlings through the exhaustion of any direct appeal. Doc. 9.[1] It also provided him with a Notice of Counsel's Post-Conviction Obligations ("Notice") directing him, after sentencing, to confer with Dowlings and file his appeal election. Doc. 38; *see also Ortega v. United States*, 2014 WL 3012657 at * 1 (S.D. Ga. July 2, 2014)

---

[1] The Court furnished him with a form, doc. 9, that basically explains the Eleventh Circuit's "in for a dime, in for a dollar" policy. *See Datts v. United States*, 2012 WL 5997803 at * 1 (S.D. Ga. Oct. 24, 2012) (discussing 11th Cir. R. 46-10(a), which explains that "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court").

(noting provision of the same form, but counsel evidently failed to comply, thus now necessitating a costly hearing).

Thigpen has failed to file the Notice. In fact, he apparently has abandoned his client in violation of 11th Cir. R. 46-10(a). Dowlings has since filed his own Notice of Appeal, doc. 41, and now moves for leave to appeal *in forma pauperis* (IFP). Doc. 44. But Dowlings is still represented, so his IFP motion is a nullity. *See Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel -- i.e., there is no right to "hybrid representation" partly by counsel and partly by defendant), *cited in United States v. Etienne*, 520 F. App'x 915, 917 (11th Cir. 2013).

And, while a defendant has a constitutional right to represent himself at trial, *Faretta v. California*, 422 U.S. 806, 835 (1975), there is no federal or constitutional right to self-representation in a direct appeal from a criminal proceeding. *Martinez v. Court of Appeal*, 528 U.S. 152, 160 (2000); *McCleaf v. Carroll*, 416 F. Supp. 2d 283, 295 (D. Del. 2006); 22 C.J.S. CRIMINAL LAW § 364 (June 2014). The Court thus advises that Dowlings' IFP motion be **DENIED** and that Thigpen show cause -- within

14 days of the date this ruling is served -- why he should not be sanctioned by the district judge for abandoning his client. Thigpen, meanwhile, must *uphold his duty* to advance his client's appeal.

**SO REPORTED AND RECOMMENDED**, this 10TH day of July, 2014.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA