# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VERNON DOWLINGS, | ) | |
| Movant, | ) ) ) | Case No. CV415-280 |
| v. | ) ) | CR413-171 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to methamphetamine related offenses and receiving a 128-month sentence on May 16, 2014 (doc. 40),[1] Vernon Dowlings moves *pro se* for 28 U.S.C. § 2255 relief. Doc. 69. On preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, his motion must be denied as untimely.

Dowlings had one year from the date his conviction became final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1).[2] He timely appealed (doc. 41

---

[1] All citations are to the criminal docket unless otherwise noted; all page cites are to the Court's docketing software's pagination.

[2] Other events may occur after finality attaches that can trigger the one-year clock. *See* 28 U.S.C. § 2255(f)(2)-(4). None of those situations exists here despite Dowlings' conclusory allegations to the contrary. *See* doc. 69 at 4 (listing (f)(2)-(4), but offering no reason why they apply).

(filed May 30, 2014)), which delayed finality temporarily. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (convictions are not final for § 2255 statute of limitations purposes while a direct appeal is pending) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)). Normally, defendants pursue their appeals once commenced, so § 2255(f)'s one-year clock typically starts when, following an unsuccessful appeal to the circuit court, the 90-day *cert* petition filing period expires. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In this case, however, the Eleventh Circuit granted Dowlings' motion for voluntary dismissal of his appeal. Doc. 55 (filed August 21, 2014). His time to pursue direct appeal ended that day, and § 2255(f)'s one-year clock began to tick. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted.") (quoting *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000)); *see also Grimes v. United States*, 2013 WL 140041 at *

1 (E.D.N.C. Jan 10, 2013) (defendant's judgment became final for § 2255(f) purposes the day the circuit court granted his motion to withdraw appeal) (citing *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (judgment became final on "the date upon which [movant] declined to pursue further direct appellate review.")).

Since then, the government filed a Rule 35 motion to reduce sentence (doc. 60), which the Court granted on September 28, 2015. Doc. 68. That motion did not pause, and the amended judgment that resulted did not reset, § 2255(f)'s clock. *See Murphy*, 634 F.3d at 1307 ("[A] Rule 35(b) reduction [in sentence] has no effect on the finality of the judgment of conviction" for § 2255 purposes). Dowlings' conviction thus became final on August 21, 2014. He did not file this motion until October 7, 2015 (doc. 69 at 6), which is 48 days too late. Hence, his motion is untimely and must be **DENIED**.[3]

---

[3] Equitable tolling "can be applied to prevent the application of" § 2255(f)'s one-year deadline if a movant shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jones v. Tatum*, 2015 WL 3454311 at * 2 (S.D. Ga. May 29, 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Although he requests additional time to "extend deadlines," doc. 69 at 5, Dowlings makes no showing that any such circumstance stood in the way of a timely filing.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings,[4] and applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26th day of October, 2015.

*/s/ Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Under Rule 11(a), "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."