IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CASE NO. 4:13-cr-00171-2 |
| | ) |
| Vernon Dowlings, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

Before the Court is Defendant's Motion for a recommendation from the Court that Defendant be afforded a 365-day placement at a residential reentry center (halfway house), pursuant to the Second Chance Act.

Prior to the enactment of the Second Chance Act in 2008, the Bureau of Prisons was statutorily authorized to place inmates in a residential reentry center for no more than 6 months. The Second Chance Act, pursuant to 18 U.S.C. § 3624(c)(1), broadened the Bureau of Prisons' authority in that regard as follows:  "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility" (emphasis added).

In determining where to house an inmate, the Bureau of Prisons must, pursuant to 18 U.S.C. § 3621(b), consider: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics

Vernon Dowlings
Order on Motion
Page 2

of the prisoner; 4) any statement by the court that imposed the sentence; and 5) any pertinent Sentencing Commission policies.

The Court has no issue with the Bureau of Prisons placing Defendant in a residential reentry center as he nears release; indeed, such placement is likely critical to his successful reentry into society. Even so, the decision of whether to place Defendant in such a facility, and of how long he should be there, rests entirely with the Bureau of Prisons. Defendant has been in Bureau of Prisons' custody for several years, and its staff is in the best position to determine both Defendant's eligibility for placement in a residential reentry center, as well as the duration of that placement. The Court will make no specific recommendation in that regard.

For this reason, Defendant's Motion is **DENIED**.

SO ORDERED this 24th day of July, 2017.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA