IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-171
)
VERNON DOWLINGS, )
)
Defendant. )
)

## ORDER

Before the Court is Defendant's Motion seeking compassionate release (Doc. 119), to which the Government has filed a response in opposition (Doc. 120). In his motion, Defendant seeks to reduce his term of imprisonment for various reasons, including: (1) he was recently diagnosed with a brain tumor; (2) he has been well-behaved and engaged in prison programs during his imprisonment; (3) he is a father of three daughters and a step-father to two other children; (4) his father has "end-life COPD"; and (5) his mother recently survived triple-bypass surgery. For the following reasons, Defendant's motion is **DENIED**.

First, Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). A court may reduce a term of imprisonment on a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). A defendant who has not "requested compassionate release from the [Bureau of Prisons] or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment. United States v. Solis, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019). Defendant has not shown that he requested compassionate release from the Bureau of Prisons or exhausted his administrative remedies.

Second, even assuming that Defendant exhausted his administrative remedies, his alleged circumstances do not qualify for relief as "extraordinary and compelling reasons" to reduce a term of imprisonment under § 3582(c)(1)(A)(i). According to the United States Sentencing Guidelines, extraordinary and compelling reasons exist due to a defendant's medical condition when the defendant is not a danger to the safety of others in the community and the defendant is suffering from terminal illness, serious physical or mental condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process. See U.S.S.G. § 1B1.13, application note 1. A medical condition under these guidelines must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. Additionally, extraordinary

and compelling reasons exist due a defendant's family circumstances when there has been a death or incapacitation of the caregiver for the defendant's minor children or the defendant is the sole caregiver for his spouse. Id.

In this case, Defendant has not shown that he is suffering from a qualifying medical condition. Defendant states that he was recently diagnosed with a brain tumor but does not provide the Court with his medical records. Defendant also does not indicate that he is unable to care for himself while incarcerated. Additionally, Defendant does not allege that the caregiver of his children has become incapacitated nor does he allege that he is the sole caregiver of a spouse. Because Defendant cannot show that he exhausted his administrative remedies and does not have extraordinary and compelling circumstances, the Court finds that the Defendant is not entitled to a reduction of his term of imprisonment. Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 30th day of September 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA