**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:13-cr-171 |
| VERNON DOWLINGS, | |
| Defendant. | |

**O R D E R**

The Court **GRANTS** Defendant Vernon Dowlings' "Motion for Extension of Time to File Motion for Reconsideration of Court's Order Denying Petition for 'Certificate of Rehabilitation,'" (doc. 161), but **DENIES** Dowling's "Motion for Reconsideration of Court's Order Denying Petition for 'Certificate of Rehabilitation,'" (doc. 162).

In his Motion for Reconsideration, Dowlings states that this Court mischaracterized his prior motion as a motion for expungement of his conviction when he only sought a certificate of rehabilitation. But regardless of the specific relief Dowlings requests, the Court does not have jurisdiction to grant that relief.

As Dowlings points out, one federal court found that it could issue a certificate of rehabilitation under its ancillary jurisdiction. See, Doe v. United States, 168 F. Supp. 3d 427, 445 (E.D.N.Y. 2016). However, the Court is not aware of any other federal court that has issued a certificate of rehabilitation. Other courts have found that they cannot issue such a certificate. See, e.g., United States v. Deer, 249 F. Supp. 3d 876, 878 (N.D. Ohio 2017) ("Finally, because I have no ancillary jurisdiction to hear the expungement motion, I likewise have no jurisdiction to craft, create, and issue to Deer a 'Certificate of Rehabilitation.'"); United States v. Bonelli, No. 5:11-CR-00142-EJD, 2021 WL 5012092, at *2 (N.D. Cal. Oct. 28, 2021) ("Absent federal statutory

authority, this Court declines to grant the requested certificate of rehabilitation.").

Moreover, the court in <u>Doe</u> applied precedent of the United States Court of Appeals for the Second Circuit, to determine that it had subject matter jurisdiction to hear requests for expungement and certificate of rehabilitation on equitable grounds.[1]  But this Court must follow the precedent from the United States Court of Appeals for the Eleventh Circuit.  That court has found that district courts lack jurisdiction to expunge records of convictions and sentences in situations like those presented here.  <u>United States v. Batmasian</u>, 66 F.4th 1278 (11th Cir. 2023) ("In sum, no court has ever recognized ancillary jurisdiction over a constitutional expungement where the alleged constitutional violation was the natural result of an otherwise valid arrest or conviction."); <u>United States v. Adalikwu</u>, 757 F. App'x 909 (11th Cir. 2018).  While those decisions addressed requests for expungement, the principles underlying those decisions apply with equal force here where a defendant seeks a certificate of rehabilitation to avoid the natural result of his conviction. Therefore, the Court **DENIES** Dowling's Motion for Reconsideration. [2]

**SO ORDERED**, this 25th day of March, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1]  Even in the Second Circuit, decisions following the district court's decision in <u>Doe</u> appear to significantly limit, if not overturn, the precedent relied upon by the district court.  <u>See</u>, <u>Doe v. United States</u>, 833 F.3d 192 (2d Cir. 2016), (reversing district court's exercise of ancillary jurisdiction over defendant's motion to expunge arrest and conviction records, predicated on claim that conviction prevented defendant from obtaining employment).

[2]  Even if the Court had jurisdiction to grant Dowlings a certificate of rehabilitation, it would not.  While the Court appreciates the recent progress Dowlings has apparently made, on January 24, 2022, the Court found he violated his supervised release and ordered him to serve an additional 24 months in prison.